He v. Sessions

BIA
A073 563 755

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
>> *Circuit Judges.*

_____

JI XUE HE,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

16-2136
NAC

_____

FOR PETITIONER:      David M. Haghighi, Los Angeles, CA.

FOR RESPONDENT:      Chad A. Readler, Acting Assistant Attorney General; Jessica E. Burns, Assistant Director; John F. Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ji Xue He, a native and citizen of the People's Republic of China, seeks review of a May 25, 2016, decision of the BIA denying his motion to reopen. *In re Ji Xue He,* No. A073 563 755 (B.I.A. May 25, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). He's original asylum application, which an IJ denied in 1997, was based on his violation of China's family planning policies. Although He's deportation became final in 1998, he remained in the United States. In his motion to reopen, He asserted that he converted to Christianity in 2015 and that conditions for Christians have worsened in China since his deportation order became final in 1998. He claims that the worsened conditions excuse the untimely filing of his motion and demonstrate his prima facie eligibility for asylum, withholding of removal, and relief under the Convention Against

2

Torture ("CAT") based on his recent conversion to Christianity in the United States.  It is undisputed that He's 2016 motion to reopen was untimely, since it was filed more than 17 years after his deportation order became final in 1998.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  The 90-day time limit for filing a motion to reopen does not apply, however, if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).  The BIA did not err in finding that He failed to satisfy those requirements.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."  *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007).  As an initial matter, we note that He's conversion to Christianity in the United States constitutes a change in his personal circumstances, not

3

a change in China's country conditions. Thus, the exception to the 90-day rule in 8 C.F.R. § 1003.2(c)(3) does not apply. *Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130 (2d Cir. 2005). In any event, as the BIA found, the U.S. Department of State reports demonstrate that the Chinese government has viewed unfavorably and mistreated unregistered Christian groups since before He's 1997 hearing. He's evidence further demonstrates that the treatment of unregistered religious groups varies widely from region to region, and there is no record evidence of increased persecution of such groups in He's home province. *Cf. Jian Hui Shao*, 546 F.3d at 142, 149 (finding no error in the BIA's requirement that an applicant demonstrate local enforcement of a government policy in a manner that would give rise to a well-founded fear of persecution when the country conditions reflect local variations in enforcement).

Accordingly, because the BIA reasonably found that He did not demonstrate a material change in conditions in China, it did not abuse its discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C). We do not reach the BIA's alternative basis for denying He's motion, that he failed to establish his prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general

4

rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.

                    FOR THE COURT:
                    Catherine O'Hagan Wolfe, Clerk